```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO. 18-3170(DSD/BRT)
```

Faith Sage, as Trustee
for the Next-of-Kin of
Decedent Kassondra Sage,

        Plaintiff,

v.                                                ORDER

Bridgestone Americas Tires
Operations, LLC, Bridgestone/Firestone
do Brasil Industrial e Comerico Ltda.,
and Walmart Inc.,

        Defendants.

    Stacy Deery Stennes, Esq. and Thomas J. Conlin, Esq. and Conlin Law Firm, LLC, 600 Hwy 169 S, Suite 1650, Minneapolis, MN 55426, counsel for plaintiff.

    Angela Beranek Brandt, Esq. and Larson King, LLP, 30 E 7th St Ste 2800, St. Paul, MN 55101 and Steven David Jansma, Esq. and Norton Rose Fulbright US LLP, 111 W. Houston Street, Suite 1800, San Antonio, TX 78205, counsel for defendant Walmart, Inc.

This matter is before the court upon defendant Walmart, Inc.'s motion for summary judgment. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This dispute arises out of an automobile accident that resulted in the death of Kassondra Sage (Sage). Plaintiff Faith

Sage was appointed the wrongful death trustee for Sage's estate under Minnesota law.  Am. Compl. ¶ 1.

Shortly before February 13, 2016, Sage's father, Gordon Sage, gave her a 2001 PT Cruiser (Cruiser).  G. Sage Dep. at 23:12-24:8.  Mr. Sage regularly fixes vehicles and made minor repairs to the Cruiser before giving it to Sage.  Id. at 17:17-18:6, 23:12-24:8.  Mr. Sage knew the tread on the tires was "getting down there" and "didn't have a lot of traction left in them."  Id. at 24:18-25:5.  As a result, he gave the Cruiser to Sage on the condition that she replace the tires.  Id. at 24:21-25:1.  He did not tell her how many tires she needed to replace, but he knew two of them were "really bad."  Id. at 25:20-26:2.  Mr. Sage advised her to go to Walmart for replacement tires.  Id. at 26:7-13.

On February 13, 2016, Sage drove the Cruiser to the Walmart Auto Care Center in Buffalo, Minnesota.  Brandt Decl. Ex. B, at 29.  She was initially assisted by someone named Heath.  Hill Dep. at 23:1-3.  After speaking with Sage, Heath requested authorization from service manager Christopher Hill to replace the front two tires on Sage's vehicle.  Id. at 8:19-22, 23:21-23.  Hill viewed the request as a "red flag" because "it is strongly recommended" that new tires be placed on rear wheels if fewer than four tires are being replaced.  Id. at 33:23-34:6; see also Heino Dep. at 33:8-15.  Hill then spoke to Sage and explained that new tires should be placed on the rear rather than front wheels to ensure

2

proper "control and handling." Id. at 34:24-35:2. Sage nevertheless insisted that only the two front tires be replaced. Id. at 34:8-35:4, 21:2-8. Sage ultimately purchased two new all-season tires, which Walmart installed on the front axle of the Cruiser. Brandt Decl. Ex. B, at 29.

Plaintiff, however, disputes that Walmart gave Sage a warning regarding the placement of two new tires. Hill testified that Walmart issues a written disclaimer when a customer chooses to have front rather than back tires replaced. Hill Dep. at 35:15-19. That disclaimer is located on the service invoice Walmart issues at the time of sale. Id. at 35:20-36:10; see Brandt Decl. Ex. B, at 29-30. Sage's invoice, however, does not include a notation that Walmart notified her that "tire manufacturers recommend placing [two new tires] on the rear of the vehicle." Brandt Decl. Ex. B, at 30. Hill acknowledges that the invoice does not appear to have been properly filled out. Hill Dep. at 36:5-21, 39:11-24; see also Heino Dep. at 60:24-61:1.

After Hill authorized replacement of the front two tires, Walmart also checked the tire pressure of all four tires and tested the car's battery. Brandt Decl. Ex. B, at 29. Walmart did not closely inspect the rear tires to determine their age or type. Hill Dep. at 79:3-5. Walmart policy did not require technicians to inspect the rear tires for "overall safety" under these circumstances. Id. at 81:17-82:1, 117:14-118:3. The technician

3

working on Sage's car did document on the invoice, however, that the tread of the Cruiser's tires were "less than 2/32nds of an inch" and that "uneven trend wear or visible cuts, punctures, or other irregularities exist." Brandt Decl. Ex. B, at 30. The invoice also directed Sage to "[t]ake the vehicle to a certified technician for an alignment/suspension check." Id.

Sage advised her father that she got two new front tires because she could not afford to replace all of the tires. G. Sage Dep. at 27:12-18. Mr. Sage noticed that the Cruiser had two new front tires. Id. at 27:12-18; 30:5-11.

Almost six months later, on August 10, 2016, Sage died in a motor-vehicle accident while driving the Cruiser. Brandt Decl. Ex. A at 2. According to the Minnesota State Patrol's Crash Reconstruction Report, the Cruiser's rear right tire failed due to "tire tread separation" that caused Sage to lose control of her vehicle.[1] Brandt Decl. Ex. A, at 7, 12. The Cruiser crossed the center median and was struck by oncoming traffic. Id. Post-accident inspection revealed that the failed tire was a fifteen-year-old snow tire. Id. at 7-8. The Cruiser's odometer indicated that it had been driven 13,000 miles between the February servicing and the August accident. See Beauchamp Decl. Ex. 1; Brandt Decl.

---

[1]  Walmart disputes the determination that the tire failure caused Sage to lose control of the Cruiser, but the court need not resolve that issue for the purposes of this motion.

4

Ex. B, at 29. The State Patrol estimated that the rear left tire had 4/32 of an inch of tread depth, a "legal tread depth," at the time of the accident. Brandt Decl. Ex. A, at 7. The State Patrol was unable measure the rear right tire due to damage but did determine that the tire was manufactured in August 2001. Id.

The parties dispute whether the rear tires on the Cruiser at the time of the accident were the same as those that were on the vehicle at the time Walmart replaced the front tires. There is no record of what type of tires were on the rear of the Cruiser when Walmart replaced the front tires. See Brandt Decl. Ex. B; see also Heino Dep. at 104:1-10; Hill Dep. at 76:24-77:2. Mr. Sage did not know what type of tires were on the Cruiser when he gave it to his daughter, nor did other family members. G. Sage Dep. at 24:18-19, 25:6-7; F. Sage Dep. at 19:1-3; D. Sage Dep. at 11:15-17; Bradley Dep. at 41:18-20. The former owner of the Cruiser also did not know what kind of tires were on the vehicle. Barton Dep. at 41:7-9.

Plaintiff asserts that the rear tires were not replaced between the servicing and the accident because "the only tire change made was made by Walmart." Brandt Decl. Ex. F, at 7. Mr. Sage testified that Sage did not change the rear tires after the February 2016 servicing because he is certain that she would have told him if she had done so. G. Sage Dep. at 28:16-29:10.

On November 13, 2018, plaintiff commenced this case against defendants Walmart, Inc., Bridgestone Americas Tire Operations, Bridgestone/Firestone do Brasil Industrial e Comercio Ltda., and Wal-Mart Associates, Inc., alleging negligence, breach of warranty, and strict liability. Defendants Bridgestone Americas Tire Operations, Bridgestone/Firestone do Brasil Industrial e Comercio Ltda. and Wal-Mart Associates, Inc. have since been dismissed from the case. See ECF No. 14, 46. Thus, the only remaining claim is against defendant Walmart, Inc. for negligence. Walmart now moves for summary judgment.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.

6

Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Negligent Inspection of the Rear Tires**

At issue is whether Walmart had a duty to inspect the rear tires when it replaced the Cruiser's front tires.  In the amended complaint, plaintiff alleges that if Walmart had done an inspection, as required, it would have discovered that the rear tire - the assumed cause of the accident - had a defect referred to as "internal belt separation."  Am. Compl. ¶¶ 33-34.  That defect, according to the amended complaint, caused the accident. See id.  Plaintiff now seems to concede that the defect identified in the amended complaint is a latent defect that could not have been discovered absent internal inspection of the tire.  See ECF No. 138, at 10-11.  Plaintiff further concedes that Walmart had no

duty to detect any internal defects in the rear tires or to remove them for inspection.  Id. at 10.

Instead, plaintiff now argues that Walmart had a duty to inspect the exterior of the rear tires to determine their age. Plaintiff argues that had Walmart done so, it would have discovered that the rear tires were fifteen years old and in poor condition and could have warned Sage that they needed to be replaced. Walmart argues that plaintiff should not be permitted to proceed on her new theory because she did not make any such assertion in the amended complaint.  Walmart also argues that, even if the court considers the new theory, the law does not support such a claim.

The court agrees with Walmart that plaintiff's new theory of liability is not properly before the court.  In considering a summary judgment motion, the court may "disregard[] a theory of liability asserted in the plaintiff's response that was not pleaded as required by the applicable pleading standard."  Richardson v. Omaha Sch. Dist., 957 F.3d 869, 878 (8th Cir. 2020) (quoting Hoffman v. L & M Arts, 838 F.3d 568, 576 (5th Cir. 2016)); see also Katsev v. Coleman, 530 F.2d 176, 179-80 (8th Cir. 1976) (holding that a court does not need to consider a claim without foundation in the complaint on a summary judgment motion).  The court will do so here.

Even if plaintiff had pleaded that Walmart was negligent for failing to determine the age of the rear tires, however, the court

is not persuaded that Walmart had a duty to inspect the rear tires. Negligence is the failure "to exercise such care as persons of ordinary prudence usually exercise under such circumstances." Domagala v. Rolland, 805 N.W.2d 14, 22 (Minn. 2011) (citation and quotations omitted). Under Minnesota law, the elements of a negligence claim are: "(1) existence of a duty of care; (2) breach of that duty; (3) proximate causation; and (4) injury." Bjerke v. Johnson, 742 N.W.2d 660, 664 (Minn. 2007) (citation omitted). The threshold question is whether a duty of care exists. Doe 169 v. Brandon, 845 N.W.2d 174, 177 (Minn. 2014) (citations omitted). The existence and scope of a legal duty of care is a question of law. Larson v. Larson, 373 N.W.2d 287, 289 (Minn. 1985).

Plaintiff has cited no authority for the proposition that a car servicer has an affirmative and standalone duty to check the age of tires when tasked with working on other parts of the car. Plaintiff relies on Range v. Interstate Diesel, Inc., 215 N.W.2d 790 (Minn. 1974), for the proposition that car servicers have a general duty to notify customers of defects discovered during inspection of the vehicle. Because mechanics have a duty to discover defects that could have been discovered by the exercise of ordinary care, plaintiffs contend that if Walmart exercised ordinary care then it should have discovered the age of the tires. Range is inapposite, however.

9

In Range, the Minnesota Supreme Court held that a car servicer can be held liable for discovering a defect in the vehicle and failing to recommend to the customer that the defect be fixed. Id. at 791. In that case, however, the servicer was tasked with checking and repairing the car as a whole "as necessary." Id. at 790. The servicer discovered a gouge in the radiator on inspection, informed the customer of the defect, but failed to recommend repair. Id. The vehicle later stopped working as a result of the defect. Id. Here, unlike in Range, Sage limited the scope of Walmart's work to the front two tires. Plaintiff's duty was confined to the front axle, but the mechanic's duty in Range was to inspect the entire vehicle. Moreover, the mechanic in Range was aware of the gouge in the radiator but failed to recommend repair, whereas Walmart was neither asked to inspect the rear tires nor did it discover their age.

Even if Walmart had a duty to visually inspect the rear tires, the record supports a finding that that it conducted a reasonable inspection by checking the air pressure of the rear tires and noting that the treads were worn and uneven. See Brandt Decl. Ex. B, at 30. Based on that inspection, Walmart directed Sage to "[t]ake the vehicle to a certified technician for an alignment/suspension check." Id. The fact that Walmart did not check the age of the tires is irrelevant given that it noted the

10

actual condition of the tires and recommended that she have further work done.

For these reasons, the court holds that Walmart cannot be held liable for negligent inspection of the rear tires.

### III. Negligent Warning of the Placement of the New Tires

Plaintiff also asserts that Walmart was negligent in its warning to Sage about the placement of the two new tires. Specifically, plaintiff argues that Walmart owed Sage a duty of reasonable care when replacing the Cruiser's tires and breached that duty by failing to notify Sage of the risks associated with replacing the front rather than rear tires. Plaintiff also argues that the record supports a finding that the rear tires on the Cruiser at the time of servicing were the same tires on the car at the time of the accident. Walmart responds that it had no duty to warn Sage about the placement of the tires and, even if it did, it met that duty by recommending that Sage place the new tires on the back of the Cruiser. Walmart also argues that plaintiff has failed to raise a genuine issue as to whether the rear tires at the time of the accident and servicing were the same.

#### A. Duty and Breach

At issue is whether Walmart had a duty to advise Sage about the placement of two new tires and, if there was a duty, whether Walmart satisfied its duty by warning Sage. "[T]he duty to exercise reasonable care arises from the probability or

11

foreseeability of injury to the plaintiff." <u>Domagala v. Rolland</u>, 805 N.W.2d 14, 23 (Minn. 2011). Foreseeability of injury is a threshold issue related to duty that is ordinarily "properly decided by the court prior to submitting the case to the jury." <u>Id.</u> at 27 (citation omitted). To determine the foreseeability of an injury, the court "must look to the defendant's conduct and ask whether it was objectively reasonable to expect the specific danger causing the plaintiff's injury." <u>Id.</u> (citation omitted). The test is not whether the precise nature and manner of the plaintiff's injury was foreseeable, but whether "the possibility of an accident was clear to the person of ordinary prudence." <u>Id.</u> (citations omitted).

It is also well established that "[o]ne who voluntarily assumes a duty will be liable for damages resulting from failure to use reasonable care." <u>Funchess v. Cecil Newman Corp.</u>, 632 N.W.2d 666, 674 (Minn. 2001) (quoting <u>Isler v. Burman</u>, 232 N.W.2d 818, 822 (Minn. 1975)). A person who "undertakes to render services to another which he should recognize as necessary for the protection of the other's person or things" may be subject to liability for not exercising reasonable care if "his failure to exercise such care increases the risk of such harm, or the harm is suffered because of the other's reliance upon the undertaking." <u>Id.</u> (citing Restatement (Second) of Torts § 323 (1965)). Although Minnesota courts have not addressed the question of the specific

12

duty imposed on mechanics, other jurisdictions have applied Restatement (Second) of Torts § 323 to define their duty.[2] See, e.g., Lindsey v. E & E Auto. & Tire Serv., Inc., 241 P.3d 880, 885–86 (Alaska 2010) (holding that § 323 is the duty imposed on mechanics during repair and inspection); Straw v. Fair, 187 A.3d 966, 985 (Pa. Super. Ct. 2018) (applying § 323 to define the scope of duty of an autobody shop). The court finds this negligence framework persuasive in evaluating Walmart's conduct.

Specifically, the court finds that Walmart owed Sage a duty of reasonable care to advise Sage regarding the placement of two new tires. Indeed, Walmart admits, and its own policy requires, servicers to warn customers that placing new tires on the front rather than rear wheels increases the risk of harm. Thus, it is not disputed that Walmart owed Sage a duty to exercise reasonable care in recommending that new tires be placed on the rear of the Cruiser.

There is a fact issue as to whether Walmart breached that duty. Hill testified that he verbally warned Sage to place the new tires on the rear wheels rather than the front wheels. However, the invoice provided to Sage does not indicate that

---

[2] Minnesota courts have cited to Restatement (Second) of Torts § 323 and its counterpart defining third-party liability for services undertaken, § 324A, favorably. See, e.g., Funchess v. Cecil Newman Corp., 632 N.W.2d 666, 674 (Minn. 2001); Walsh v. Pagra Air Taxi, Inc., 282 N.W.2d 567, 570–71 (Minn. 1979); Isler v. Burman, 232 N.W.2d 818, 822 (1975).

Walmart advised Sage regarding placement of two new tires. Given the conflicting evidence, a jury must determine whether Walmart satisfied its duty.

### B. Proximate Cause

There is also a genuine issue of material fact as to the proximate cause of the accident. Walmart argues that plaintiff has not created a genuine dispute as to which rear tires were on the Cruiser at the time of the accident. Plaintiff contends that the evidence shows that the tires at the time of the accident were the same tires on the Cruiser when Walmart serviced the car. Plaintiff points to Mr. Sage's testimony and Walmart's service records in support of her position. Walmart responds that there is no direct evidence, such as documentary evidence or positive witness identification, to confirm that the rear tires were not replaced between the servicing and accident. Any circumstantial evidence that the tires were the same, Walmart contends, is too attenuated given that six months passed and the Cruiser was driven 13,000 miles between the servicing and the accident.

The court finds that there is a fact issue as to which tires were on the Cruiser at the time of the accident. Proximate cause exists if "the negligent conduct was a substantial factor in bringing about the injury." Lietz v. N. States Power Co., 718 N.W.2d 865, 872 (Minn. 2006); see also Restatement (Second) of Torts § 431 (1965) (discussing the substantial factor test of

proximate causation). Plaintiff must introduce evidence that establishes a reasonable basis to conclude Walmart's alleged negligence proximately caused Sage's death. Abbett v. Cty. of St. Louis, 474 N.W.2d 431, 434 (Minn. App. 1991). Proximate cause is a question of fact for the jury. Canada v. McCarthy, 567 N.W.2d 496, 506 (Minn. 1997). "However, when reasonable minds could only reach only one conclusion, the existence of proximate cause is a question of law." Id.; see also Smith v. Kahler Corp., 211 N.W.2d 146, 151 (Minn. 1973) ("[C]ausation, like negligence itself, is a fact issue for the jury except when the facts are undisputed and are reasonably susceptible of but one inference.").

The court agrees that there is no direct evidence that the rear tires in February were the same tires in August. But "[c]ausation need not be proven by direct evidence alone as circumstantial evidence may establish causation ...." Burk v. Thorson, Inc., 66 F. Supp. 2d 1069, 1073 (D. Minn. 1999). A plaintiff may offer circumstantial evidence "which would allow a reasonable Jury to find that her theory 'fairly preponderate[s]' over others. Id. at 1074 (quoting Whitman v. Speckel, 53 N.W.2d 558, 561 (Minn. 1952)).

Here, there is circumstantial evidence supporting plaintiff's theory that Sage did not replace the rear tires before the accident. First, Mr. Sage testified that he observed in February that the tread of the Cruiser's tires were low. He also testified

15

that Sage would have told him had she replaced the rear tires between February and August 2016.  Second, the State Patrol noted, post accident, that the tread on the rear left tire was low.  Third, a jury could conclude that it strains credulity to suggest that Sage replaced worn rear tires with other old, worn rear tires.  Under these circumstances, a reasonable jury could agree with plaintiff and conclude that Sage did not replace the Cruiser's rear tires after the February servicing, and that the condition of the right rear tire caused the accident.  As a result, a jury must determine the issue of causation.

In sum, the court finds that there is a genuine issue of material fact as to whether Walmart met its duty to warn Sage of the dangers of replacing the two front tires instead of the two back tires and, if Walmart did not satisfy its duty, whether Walmart's breach caused the accident.  As such, the case will proceed to trial on these aspects of Sage's negligence claim against Walmart.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Walmart's motion for summary judgment [ECF No. 129] is granted in part and denied in part.

Dated: January 20, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court
